Filed 3/28/13  P. v. Cielto CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056023 |
| v. | (Super.Ct.No. FSB16842) |
| RODNEY MICHAEL CIELTO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Elizabeth Garfinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

On May 5, 1999, in addition to a sentence of 40 years in state prison, defendant and appellant Rodney Michael Cielto was ordered to pay a restitution fine of $5,000 under Penal Code[1] section 1202.4.  On February 24, 2012, defendant, in pro. per., filed a motion for reduction of the restitution fine under section 1202.4, subdivision (f). Defendant requested that his fine be reduced to $200 because of his inability to pay.  On March 16, 2012, the trial court denied defendant's motion.

On April 4, 2012, defendant filed a timely notice of appeal from the denial of his motion.

## STATEMENT OF FACTS

This appeal solely pertains to defendant's motion to reduce his restitution fine, not the underlying conviction.  We granted defendant's motion to augment the record to include the transcripts of the 1999 sentencing hearing.  The reporter's notes of the hearing, however, have been destroyed.  Thus, no transcript was available.

In the motion for reduction, defendant essentially argued that he was unable to pay the $5,000 fine.  The trial court denied the motion.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his 22-page handwritten brief, defendant argues, in essence, that (1) he received ineffective assistance of counsel from his trial counsel; and (2) his restitution fine should be reduced. We shall address both of defendant's contentions.

First, defendant seems to be arguing that his trial counsel violated the law because she did not have a written contract with defendant to represent him, and she rendered ineffective assistance of counsel in the trial that led to his conviction in 1999. This appeal, however, is from the denial of defendant's motion to reduce his restitution fine. This is not an appeal from his conviction. We note that defendant was convicted in May 1999—almost 14 years ago. The only record of the underlying proceedings is the minute order dated May 5, 1999, summarizing defendant's convictions, sentence, and fines. Defendant cannot now challenge his counsel's representation from 1999.

Second, it appears that defendant is arguing that his restitution fine should be reduced. As summarized *ante*, the trial court ordered defendant to pay a $5,000 restitution fine on May 5, 1999. Almost 13 years later, on February 24, 2012, defendant, in pro. per., filed a motion for reduction of his restitution fine to $200 because of his inability to pay. On March 16, 2012, the trial court denied defendant's motion. On appeal, defendant makes an argument that his restitution fine should be reduced because "funds subject to child support payment orders cannot be 'released' to pay legal expenses, could eventually destroy the private criminal bar's ability to render effective assistance." He appears to argue that his trial counsel failed to introduce evidence of his child support payments to show inability because counsel wanted to be paid.

The 1999 version of section 1202.4, states in part: "The court, in addition to any other penalty provided or imposed under the law, shall order the defendant to pay . . . [a] restitution fine . . . [¶] unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . . [¶] A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the [$200] . . . minimum. [¶] In setting the amount of the fine . . . in excess of the [$200], . . . the court shall consider any relevant factors including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and

4

the circumstances of its commission . . . .  Consideration of a defendant's inability to pay may include his . . . future earning capacity.  A defendant shall bear the burden of demonstrating his . . . inability to pay."  (§ 1202.4, subds. (a)-(d).)

Similar to this case, in *People v. Romero* (1996) 43 Cal.App.4th 440, 443, 447, the defendant contended that his restitution fine was erroneously imposed because the record contained insufficient evidence of his ability to pay.  The appellate court held, "[S]ection 1202.4 also provides, 'A defendant shall bear the burden of demonstrating lack of his . . . ability to pay.'  This express statutory command makes sense only if the statute is construed to contain an implied rebuttable presumption, affecting the burden of proof, that a defendant has the ability to pay a restitution fine. . . .  The statute thus impliedly presumes a defendant has the ability to pay and expressly places the burden on a defendant to prove lack of ability.  Where, as here, a defendant adduces no evidence of inability to pay, the trial court should presume ability to pay . . . .  Since here defendant's ability to pay was supplied by the implied presumption, the record need not contain evidence of defendant's ability to pay."  (*Id.* at pp. 448-449.)

Here, aside from defendant's discussion regarding his alleged child support payments, he failed to demonstrate a lack of his ability.  Based on the statute and *People v. Romero*, *supra*, 43 Cal.App.4th 440, we find that "defendant's ability to pay was supplied by the implied presumption, [and] the record need not contain evidence of defendant's ability to pay."  (*Id.* at p. 449.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

6